**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 08 CR 888** |
| | ) | **(08 CR 1010)** |
| | ) | **(06 GJ 1160)** |
| | ) | |
| **ROD BLAGOJEVICH, et al.** | ) | **Hon. James B. Zagel** |
| | ) | |
| **Defendants.** | ) | |

**CABLE NEWS NETWORK'S AMENDED MOTION TO INTERVENE AND FOR IMMEDIATE ACCESS TO ALL JUDICIAL RECORDS, INCLUDING WIRETAP APPLICATIONS, RECORDINGS, AND RELATED DOCUMENTS**

---

Cable News Network, Inc. ("CNN"), pursuant to the Court's June 24, 2009 Order, files this Amended Motion for Access to All Judicial Records. In support of its Motion, CNN states as follows:

1. This case represents perhaps the single biggest political corruption scandal in Illinois' history. The proceedings, regardless of whether the Defendants are convicted or acquitted, have broad implications for the State of Illinois and its people, as they call into question the activities of former Governor Blagojevich and the integrity of the appointment of a sitting United States Senator. The alleged activities of the Defendants and others directly implicate the public's trust in its public officials.

2. The First Amendment, along with common law, provides the public and the press with the presumption of access to criminal trials, including pre-trial and trial proceedings, documents, transcripts, audiotapes, and videotapes. *See, e.g., Richmond Newspapers, Inc. v.*

*Virginia,* 448 U.S. 555 (1980); *In re Time Inc.,* 182 F.3d 270 (4th Cir. 1999); *U. S. v. Warner,* 396 F.Supp.2d 924 (N.D. Ill. 2005).

3. An absolute seal is rarely appropriate, and the presumption of access to judicial records can be overcome only in extremely limited circumstances. *In re Krynicki,* 983 F.2d 74 (7th Cir. 1992); *United States v. Guzzino,* 766 F.2d 302, 304 (7th Cir. 1985). The Seventh Circuit also clearly recognizes the right of the public's access to court proceedings, documents, and materials. *Grove Fresh Distributors, Inc. v. Everfresh Juice, Co.,* 24 F.3d 893 (7th Cir. 1994).

4. Access to a proceeding or record may be denied *only* if the Court finds that the party seeking closure had satisfied its significant burden to demonstrate a compelling government interest in secrecy that outweighs the presumption of public interest, and the remedy is "narrowly tailored to serve that interest." *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998). Further, the court "should articulate on the record the reason for any order that inhibits the flow of information between the courts and the public." *Id*. at 510.

5. Further, both the Supreme Court and the Seventh Circuit have acknowledged that when access to judicial records and documents is at issue, the public and the media have a right to notice and to be heard, such that the asserted right can be protected. *See, e.g., Globe Newspaper Co. v. Super. Ct. for Norfolk*, 457 U.S. 596, 609 n.25 (1982); *In re Associated Press*, 162 F.3d at 507, 510 (recognizing the right of newspapers to intervene to seek public access to court proceedings). Thus, CNN has standing to intervene in this matter to assert the right of the public to access to these records.

6. In order to correctly and timely inform the public of this extremely important criminal proceeding, CNN requires access to the sealed materials, including those

materials filed in connection with the pending Motion to Suppress, the complete recordings, and all transcripts of, wiretapped conversations obtained pursuant to Title III, and the complete Applications and Orders submitted to, relied on, and issued by the Court related to and authorizing all Title III wiretaps.

7. To the extent that the Court finds that the wiretap recordings and related warrants and affidavits are part of the judicial record, they are also subject to the public constitutional and common law rights of access, and the Court would be within the authority granted by Congress to release them. Title III provides that intercepts may be disclosed to the public "upon a showing of good cause before a judge of competent jurisdiction . . .." 18 U.S.C. § 2518(8)(b).

8. Here, the Government's use of the Title III materials should make them available for public access and review. The Government has made repeated use of the material by quoting it in its initial Criminal Complaint, Supporting Affidavit and the Superseding Indictment. In addition, the U.S. Attorney quoted at length from wiretap transcripts during his press conferences and in his press releases. Other wiretap recordings were disclosed for use in Governor Blagojevich's impeachment proceeding.

9. Further, the Government's concerns for its "on-going investigation" and the privacy rights of the wiretapped individuals should not be sufficient to deny CNN's right of access under these circumstances. An unsupported claim that there are ongoing investigative concerns is not sufficient to deny access, particularly in light of the Government's prior disclosures and statements related to the development of the case. *See In re Search Warrant for Secretarial Area*, 855 F.2d 569, 15 Media L. Rep. 1969 (8th Cir. 1988). Moreover, the

wiretapped individuals' privacy rights could be accommodated through measures that are less restrictive than a complete seal.

10. At the very least, the record supports the release of the Title III materials that have been incorporated within and referenced by judicial records. In deciding whether to seal a record, a court must furnish notice that the sealing of a public document may be ordered, provide interested persons the opportunity to object before the court makes its decision, and detail specific reasons and factual findings supporting its decision to seal and for rejecting alternatives. *In re Associated Press*, 162 F.3d at 507, 510. The public record in this action does not reflect that any of these procedural safeguards were followed with respect to the Superseding Indictment and Criminal Complaint.

11. Moreover, where Title III materials are judicial records, they are subject to public access, and the Court has the authority to release them, both under Title III's good cause provision, and pursuant to the First Amendment.

12. CNN requests that the materials it seeks be released as soon as possible; any additional delay would further deprive the public of information that is vital to its interests. Courts have consistently recognized that the injury to the public interest compounds with each day that access is denied. *See Grove Fresh*, 24 F.3d at 897-98.

**WHEREFORE,** CNN respectfully moves this Honorable Court to allow it to intervene in this matter, so as to gain immediate access to all documents presently sealed in the Court's records, including those filed in connection with the pending Motion to Suppress, the complete recordings, and all transcripts of, wiretapped conversations obtained pursuant to Title III, and the complete Applications and Orders submitted to, relied on, and issued by the Court related to and

authorizing all Title III wiretaps. Alternatively, CNN seeks access to redacted versions of these materials. Finally, CNN requests any additional relief that this Court deems just and proper.

Respectfully submitted,

CABLE NEWS NETWORK, INC.

By: /s/ Trisha M. Rich
One of its Attorneys

Christopher J. Murdoch
Trisha M. Rich
HOLLAND & KNIGHT LLP
131 S. Dearborn Street, 30th Floor
Chicago, Illinois 60603
Telephone: (312) 263 – 3600
Facsimile: (312) 578 – 6666
christopher.murdoch@hklaw.com
trisha.rich@hklaw.com

*Of Counsel*:
Charles D. Tobin
Drew E. Shenkman
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave, NW
Suite 100
Washington, D.C. 20006
Telephone: (202) 955 – 3000
Facsimile: (202) 955 – 5564
charles.tobin@hklaw.com
drew.shenkman@hklaw.com

**CERTIFICATE OF SERVICE**

I, Trisha M. Rich, an attorney, hereby certify that I electronically filed the foregoing Cable News Network's Amended Motion to Intervene and for Immediate Access to All Judicial Records, Including Wiretap Applications, Recordings, And Related Documents and served all ECF filers, pursuant to the district court's ECF system, this 8th day of July, 2009.

/s/ Trisha M. Rich

# 8700454_v1