UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ROD BLAGOJEVICH, CHRISTOPHER KELLY, ALONZO MONK, WILLIAM F. CELLINI, SR., JOHN HARRIS, and ROB BLAGOJEVICH,<br><br>　　Defendants. | No. 08 CR 888<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Before me is Cable News Network, Inc.'s ("CNN") amended motion to intervene and for immediate access to all judicial records, including wiretap applications, recordings, and related documents in the above-captioned case. As a threshold matter, CNN asserts legitimate media interests, and I grant CNN's motion to intervene such that those interests may be heard. *See Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 609 n.25 (1982); *In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998). To the extent CNN seeks access to the sealed materials filed in connection with Defendant Cellini's pending motion to suppress, I have addressed that part of the motion in a separate opinion, which deals with a virtually identical motion filed by the Chicago Tribune Company. Here, I address the broader range of sealed materials to which CNN seeks access, including the complete recordings (and corresponding transcripts), applications, and orders that stem from the government's use of court-authorized wiretaps in the investigation of Rod Blagojevich and others ("Blagojevich Materials").

Portions of the application for a warrant were noted by the government and Defendant Cellini in the motion to suppress briefing, and some of the recording transcripts were relied upon by the parties. Where material, these are described in detail in the publicly issued opinion. The government objects to the release of these materials, contending that disclosure would hurt its ongoing criminal investigations. In addition, the government argues that the release of the materials sought by CNN would contravene the restricted disclosure regime for wiretap intercepts, applications, and orders set forth in Title III of the Federal Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 - 2522, ("Title III"), as well as the constitutional right to privacy of individuals intercepted through Title III wiretaps.

*United States v. Dorfman*, 690 F.2d 1230 (7th Cir. 1982), binding precedent on this Court, precludes CNN's attempt to gain access to the Blagojevich Materials. In *Dorfman*, the Seventh Circuit concluded that Congress had not intended to create a right of public access to Title III materials and rejected the notion that the First Amendment commanded a different result. *Id.* at 1233-34. As the government notes, the reasoning explained in *Dorfman* applies with even more force in this instance because none of the materials that CNN seeks has been submitted to this Court for purposes of a ruling, nor have they been attached to or incorporated in any government filing (except for a tiny portion which is also asked for by the Chicago Tribune and discussed in my ruling on the Tribune's motion). At bottom, CNN seeks access to materials which are rendered unavailable by an act of Congress, the constitutionality of which seems clear.

In addition, I have examined the sealed materials that are the subject of this motion and am satisfied with the government's contention that there is an ongoing investigation. I am further satisfied that disclosure of these materials at this time may frustrate the investigation and

thereby jeopardize the integrity of the search for truth. I emphasize that the issue is whether the disclosure of these materials is warranted now; I am not deciding that this is a sealing in perpetuity, or even for an extended period of time. To the extent that certain materials should be kept under seal to prevent untoward publicity, no claim of which has been made, any materials that may be disclosed at a later date will be done as much in advance of jury selection as possible.

With regard to CNN's contention that the government converted the Blagojevich Materials into public documents when it used excerpts of intercepted conversations in the affidavit that support the criminal complaint and the superseding indictment in this case, the government may use and refer to such information without losing the underlying protections against disclosure provided in Title III. *See Certain Interested Individuals v. Publ'g Co.*, 895 F.2d 460, 465 (8th Cir. 1990) (use and disclosure of wiretap information in search warrant affidavit pursuant to 18 U.S.C. § 2517(2) "cannot transform the wiretap information into non-wiretap information unprotected by Title III"); *In re New York Times Co.*, 828 F.2d 110, 114-15 (2d Cir. 1987) (holding the same with respect to pre-trial motion papers).

CNN's motion is granted in part and denied in part. I grant leave for CNN to intervene and deny CNN's motion for immediate access to all judicial records, including wiretap applications, recordings, and related documents.

ENTER:

_James B. Zagel_
James B. Zagel
United States District Judge

DATE: August 21, 2009